UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| DONALD LUDVIG TOFTE, | ) CV 14-00378-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION |
| | ) AND ORDER |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN, Commissioner, Social Security Administration, | ) |
| | ) |
| Defendant. | ) |
| | ) |

     This matter is before the Court for review of the Decision by the Commissioner of Social Security denying plaintiff's application for Disability Insurance Benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter Judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings.  They have also filed Briefs (individually "Plaintiff's Brief" and "Defendant's Brief"), and the defendant has

filed a certified Administrative Record. After reviewing the matter, the Court concludes that the Decision of the Commissioner should be affirmed.

## I.  BACKGROUND

The plaintiff Donald Ludvig Tofte Jr. is a 51 year-old male who has filed an application for Disability Insurance Benefits under Title II of the Social Security Act. (See Administrative Record ["AR"] 124-125). The application was denied by the Commissioner initially and again upon reconsideration. On September 26, 2012, the Administrative Law Judge ("ALJ") issued a Partially Favorable Decision for the plaintiff, although the application was ultimately denied. (See AR 49-50).

Plaintiff challenges the ALJ's Decision by alleging a failure to properly consider the testimony of plaintiff's treating physician, Dr. Ganta. Specifically, plaintiff argues that improper weight was given to Dr. Ganta's testimony and asserts that the ALJ erred by rejecting it as having low probative value.

## II.  DISCUSSION

It is well settled that a treating physician's opinion is entitled to greater weight than that of an examining physician. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989), citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d at 751, citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 n.7 (9th Cir. 1989). The weight given to a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the records. 20 C.F.R. § 404.1527 (2004). When a non-treating physician's opinion contradicts that of the treating physician—but is not based on independent clinical findings, or rests on clinical findings also considered by

the treating physician—the treating physician's opinion may be rejected only if the ALJ gives "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Morgan v. Apfel, 99 D.A.R. 1855, 1857 (9th Cir. (Or.) Feb. 25, 1999).

In determining plaintiff's physical residual functional capacity, the ALJ considered medical evaluations conducted by various doctors, including the plaintiff's treating physician, Dr. Ganta. The ALJ's findings concerning Dr. Ganta's evaluations in relevant part were:

> Dr. Ganta opined the claimant is unable to do his regular work as a truck driver and should be considered permanently disabled . . . Dr. Ganta also assessed the following limitations: lift and carry less than 10 pounds; stand, walk, and sit for less than two hours a day; occasionally twist, stoop, crouch, climb stairs, and climb ladders; limited reaching, handling, fingering, feeling, and pushing or pulling; and avoid even moderate exposure to extreme cold, extreme heat, wetness, humidity, noise, fumes, odors, dusts, gases, poor ventilation, and hazards.

(See AR 47).

In rejecting Dr. Ganta's opinion, the ALJ stated the following:

> I give little weight to Dr. Ganta's opinion because his opinion is too restrictive in light of the objective evidence of record. Furthermore, the checklist-style form used by Dr. Ganta appears to have been completed as an accommodation to the claimant and includes only conclusions regarding functional limitations without any rationale for those conclusions. Dr. Ganta did not provide any objective medical findings to support his assessment. I find this evidence has no probative value because any [sic] objective evidence does not support it.

(Id.).

Based on the above, plaintiff's argument—namely, that the ALJ erred by failing to provide specific and legitimate reasons supported by substantial evidence for rejecting Dr. Ganta's testimony—is without merit. The ALJ's reasons could not be clearer: Dr. Ganta's opinion is "too restrictive" in light of other substantial evidence, and it is overly simplistic and conclusory. Based on the medical evidence of record, the ALJ's findings confirm plaintiff's

impairments, but they cast doubt on whether they are as debilitating as Dr. Ganta purports.

Despite plaintiff's congestive heart failure, for example, an exercise stress test conducted by Dr. Bhoodev Tiwari indicates that plaintiff exhibited "fair exercise tolerance". (See AR 211). Moreover, other doctors conducted evaluations that contradict Dr. Ganta's testimony. Dr. Qureshi, for example, noted that during his cardiovascular consultation with plaintiff on February 4, 2010, plaintiff reported feeling tired but admitted to "feeling much better" when taking his medications. Dr. Raja noted that plaintiff walks without assistive devices and exhibits regular heart rate and rhythm. He further opined the plaintiff can "lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for six hours a day; and occasionally stoop and crouch." (Id.). Lastly, Dr. Shankarlingam Sainath conducted a complete consultative cardiology evaluation of the plaintiff. (See AR 254). Despite noting impairments such as shortness of breath, shoulder pain caused by extreme extension of the shoulder, diabetes, and obesity, he opined "the claimant has the following limitations: lift no more than 10 pounds; only walk short distances; sit with no restrictions; and no bending or stooping " (Id.).

Comparing these non-treating physicians' findings to Dr. Ganta's, it is clear that they contradict his findings. Therefore, the standard of "specific, legitimate reasons" that are based on "substantial evidence" for rejecting a treating physician's findings has been fulfilled in the present case. Since the weight of a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record, the lack of support for, and the contradiction of, Dr. Ganta's findings is sufficiently substantial evidence upon which the ALJ relied. The ALJ thoroughly reviewed plaintiff's medical record and demonstrated that Dr. Ganta's opinion of plaintiff's physical limitations is markedly inconsistent with the

recommendations of all other experts. This alone is a legitimate reason based on substantial evidence for the ALJ to give little weight to Dr. Ganta's findings.

In arguing that Dr. Ganta's opinion is supported by, and is consistent with, objective evidence in the record, plaintiff relies heavily on his medical history prior to October 1, 2009, the date on which disability was first alleged. Plaintiff points to his history of serious heart disease. On June 21, 2008, plaintiff underwent dual-chamber permanent pacemaker implantation. He eventually underwent a second operation in order to upgrade to a dual-chamber permanent biventricular right-sided pacemaker and defibrillator, due to further cardiovascular complications. All of this occurred well prior to October 1, 2009. Therefore, this evidence is accorded less weight in the present Supplemental Security Income case.

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's Decision to determine if: (1) the ALJ's findings are supported by substantial evidence; and (2) the ALJ used proper legal standards. See DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). This Court cannot disturb the ALJ's findings if they are supported by substantial evidence, even though other evidence may exist which supports plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, Torske v. Weinberger, 417 U.S. 933 (1974). Accordingly, the Court finds that the ALJ satisfied the relevant legal standard and did not commit a reversible error in rejecting Dr. Ganta's testimony as having no probative value.

## ORDER

For the foregoing reasons, it is hereby adjudged that the Decision of the ALJ is affirmed and plaintiff's complaint is dismissed.

DATED: August 26, 2014

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE